[Cite as *State v. Smith*, 2025-Ohio-5381.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO, | Case No. CT2025-0035 |
| Plaintiff - Appellee | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Muskingum County Court of Common Pleas, Case No. CR2024-0654 |
| MATEO P. SMITH, | Judgment:   Affirmed |
| Defendant – Appellant | Date of Judgment Entry: December 1, 2025 |

**BEFORE:** William B. Hoffman; Andrew J. King; Robert G. Montgomery, Judges

**APPEARANCES:** No Appearance, for Plaintiff-Appellee; APRIL F. CAMPBELL, for Defendant-Appellant.

OPINION

*Montgomery, J.*

{¶1}   This matter comes before the court upon the request of appellate counsel to withdraw as counsel and Appellant's Anders Brief filed by Attorney April F. Campbell, counsel for Mateo Smith (hereinafter "Smith") filed on June 26, 2025. A Judgment Entry stating that Smith was supplied with a copy of the Anders brief and his right to file a pro se brief was filed with the trial court on July 7, 2025.

{¶2}   Smith has not filed a pro se brief.

{¶3}   The State of Ohio has not filed a reply brief.

## STATEMENT OF THE CASE

**{¶4}** Smith was indicted on two counts of Pandering Obscenity in violation of R.C. 2907.321(A)(1) on October 3, 2024. Smith entered pleas of not guilty to the two charges on October 17, 2024. Smith changed his pleas from "not guilty" to "guilty" on December 9, 2024. The trial court held a sentencing hearing on January 29, 2025, and ruled, "Based upon the facts and circumstances, on Count 1, you'll be sentenced to a minimum prison term of 4 years up to an indefinite maximum of 6 years." *Sentencing Hearing Transcript*, p. 13.

**{¶5}** The trial court also ruled, "On Count 2, you'll also be sentenced to a minimum prison term of 4 years up to an indefinite maximum of 6 years. Those two terms to run concurrently - - for a minimum of 4 years up to an indefinite maximum of 6 years." *Id.*, p. 14.

**{¶6}** An Entry adopting the trial court's findings was filed in the Muskingum County Court of Common Pleas on February 3, 2025.

## STANDARD OF REVIEW

**{¶7}** The procedure to be followed by appointed counsel who desires to withdraw for want of a meritorious, appealable issue is set forth *in Anders v. California,* 386 U.S. 738. The U.S. Supreme Court found if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. *Anders*, at 744. This request must be accompanied by a brief identifying anything in the record that could arguably support the appeal. *Id.* In addition, counsel must furnish the client with a copy of the brief and request to withdraw, and allow the client sufficient time to raise any matters the client so chooses. *Id.*

**{¶8}** The appellate court must conduct a full examination of the proceedings and decide if the appeal is indeed wholly frivolous. *Id.* If the appellate court determines the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal. *Id.*

### Proposed Potential Assignment of Error

**{¶9}** "I. THE TRIAL COURT ERRED IN ACCEPTING SMITH'S GUILTY PLEAS UNDER CRIM.R. 11 AND ERRED IN SENTENCING HIM."

### ANALYSIS

**{¶10}** Criminal Rule 11 governs pleas and rights of defendants upon a plea. Crim.R. 11(C)(2) states:

In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally either in-person or by remote contemporaneous video in conformity with Crim.R. 43(A) and doing all of the following:

(a)     Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b)     Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c)     Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial,

to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶11} In the case at hand, during the change of plea hearing the Court asked Smith a litany of questions. This Court has reviewed the questions addressed to Smith and his answers to the judge and finds that the trial court complied with Criminal Rule 11.

{¶12} The trial court accepted Smith's pleas of guilty and ordered a presentence investigation. *Id.*, p. 14.

{¶13} The trial court held a sentencing hearing on January 29, 2025.

{¶14} Smith and his attorney both made allocution statements prior to the trial court imposing its sentence.

{¶15} Through its' Entry filed on February 3, 2024, the trial court stated, "The Court considered the record, all statements, any victim impact statement, the plea recommendation in this matter, as well as the principles and purposes of sentencing under Ohio Revised Code §2929.11 and its balance of seriousness and recidivism factors under Ohio Revised Code §2929.12."

{¶16} R.C. 2907.321(C) states, "Whoever violates this section is guilty of pandering obscenity involving a minor or impaired person. If the offense involves a minor, a violation of division (A)(1), (2), (3), (4), or (6) of this section is a felony of the second degree.

{¶17} The case sub judice involved two pictures of two different minors.

**{¶18}** The statutory range for a second-degree felony is two to eight years pursuant to R.C. 2929.14(A)(2).

**{¶19}** Smith was sentenced to "a stated minimum prison term of four (04) years; an indefinite sentence of six (06) years" on Count One. Smith was also sentenced to "a stated prison term of four (04) years" on Count Two. *Entry*, p. 2.

**{¶20}** Smith was sentenced within the statutory guidelines.

**{¶21}** Based upon this Court's independent review of the record, we find that the trial court did not err in accepting Smith's plea. This Court also finds that Smith was sentenced within the statutory range. We find no arguably meritorious issue exists with respect to the trial court's acceptance of Smith's guilty pleas or the trial court's sentence imposed upon Smith.

## CONCLUSION

{¶22}  After independently reviewing the record, we agree with appellate counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal. We therefore find the appeal to be wholly frivolous under *Anders.*

{¶23}  Attorney April F. Campbell's motion to withdraw as counsel for Smith is hereby granted.

{¶24}  For the reasons stated in this Opinion, the judgment of the Muskingum County Court of Common Pleas is Affirmed.

{¶25}  Costs to Appellant.


By: Montgomery, J.

Hoffman, P.J. and

King, J. concur.